IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　Plaintiff,<br>　　vs.<br><br>WESTLEY GRANT STEVENS,<br><br>　　　　　　　　Defendant.<br>　　　　　　　　　　　　　　　　　/ | CASE NO. CR F 10-0320 LJO<br><br>**ORDER ON DEFENSE MOTION FOR RECONSIDERATION; MOTION OFF CALENDAR; STATUS CONFERENCE RESET** |

The Court has received and reviewed the defendant Westley Grant Stevens' ("Mr. Stevens'") Motion for Reconsideration, filed on January 19, 2011 (Doc. 23). The Court deems the matter under submission without the need for either reply by the Government or oral argument and VACATES the February 25, 2011 hearing.

**Background**

The following facts are taken from Mr. Steven's motion.

In October 2009, Mr. Stevens applied for a job as an animal control office for the City of Clovis. In addition to an online application, Mr. Stevens submitted a written application to retired Clovis Police Officer Ken Chapple ("Officer Chappel"). Officer Chappel investigated Mr. Stevens for over three months, interviewing Mr. Stevens' friends and family and questioning Mr. Stevens at the Clovis Police Department. Officer Chappel requested a voice stress exam on Mr. Steven in a memorandum written to the Clovis Police Chief.

At the time of the voice stress exam, Mr. Stevens was not told that he had the right to remain silent or that he had a privilege against self-incrimination. He was not told that he could refuse the pre-test interview.

During the voice stress exam, Mr. Stevens was asked whether he had viewed child pornography or had done drugs. After the third time he was asked about child pornography, without having been given his Miranda rights, Mr. Stevens responded that he had.

Mr. Stevens argues that the pre-lie detector questioning and the interview questioning violated the Fifth Amendment. Mr. Stevens argues further that since his confession was obtained illegally, the search warrant must be excised and the resulting evidence excluded pursuant to the Fourth Amendment.

**Standards of Review**

Although the Federal Rules of Criminal Procedure do not expressly authorize the filing of motions for reconsideration, "motions for reconsideration may be filed in criminal cases." *United States v. Martin*, 226 F.3d 1042, 1047 n. 7 (9th Cir. 2000). Courts treat motions for consideration in criminal cases as the equivalent of a Fed. R. Civ. P. 59(e) or 60(b) motion. *United States v. Clark*, 984 F.2d 31-33-34 (2d Cir. 1993).

Rule 60(b) provides that a court may relieve a party from the effect of a judgment or order "for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; ... or (6) any other reason that justifies relief." Fed. R. Civ. Proc. 60(b).

Pursuant to Fed. R. Civ. P. 59(e), this Court has discretion to reconsider and vacate a prior order. *Barber v. Hawaii*, 42 F.3d 1185, 1198 (9th Cir.1994); *United States v. Nutri-cology, Inc.*, 982 F.2d 394, 396 (9th Cir.1992). Motions to reconsider are committed to the discretion of the trial court. *Rodgers v. Watt*, 722 F.2d 456, 460 (9th Cir.1983) (en banc). A motion for reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enterprises v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).

///

**Discussion**

Mr. Stevens' motion for reconsideration fails for the following reasons.

First, Mr. Stevens' motion states neither new law nor new facts (defined under the law). Rather, Mr. Stevens presents law and fact previously considered by this Court. Accordingly, his motion fails to meet the strict standards of a reconsideration motion. *See, supra*.

In addition, Mr. Stevens fails to establish that his confession was obtained in violation of the

Fifth Amendment. "Officers are required to inform suspects of their Fifth Amendment rights before custodial interrogations." *United States v. Basher*, – F.3d – ( 9th Cir. January 20, 2010). Under well-settled law, "*Miranda* warnings are required only:"

> where there has been a restriction on a person's freedom as to render him "in custody." The "ultimate inquiry" underlying the question of custody is simply whether there was a formal arrest or restraint of freedom of movement to a degree associated with a formal arrest. To answer this question, the reviewing court looks to the totality of the circumstances that might affect how a reasonable person in that position would perceive his or her freedom to leave.

*Stanley v. Schriro*, 598 F.3d 612, 618 (9th Cir. 2010). Here, Mr. Stevens was not "in custody" at the time of the questioning, and was free to leave at anytime during the questioning. He was asked to take a voice stress test in connection with his job interview. At any time, Mr. Stevens was free to withdraw his application, deny the request for the voice stress test, or refuse to answer questions. Mr. Stevens freely went to the police station for the interview and was free to leave the interview at any time. He was not under arrest. Accordingly, the *Miranda* warnings were not required under these facts.

Furthermore, there exists no legal precedent under the factual scenario presented for the proposition that legal coercion exists. The Court incorporates by reference its on-the-record ruling concerning the original motion (December 10, 2010 R.T. 19:4-20:20). *C.f., Basher, supra* ("cooperation out of fear of violating a regulation would be unreasonable.").

Finally, because Mr. Stevens' Fourth Amendment arguments were based on the erroneous underlying presumption that his confession violated the Fifth Amendment, Mr. Stevens' Fourth Amendment arguments fail.

### Conclusion and Order

For the foregoing reasons, this Court DENIES Mr. Stevens' motion for reconsideration. The Court SETS a status hearing for **January 28, 2011 at 8:45 a.m.** either to resolve the case or to set the matter for trial.

IT IS SO ORDERED.

**Dated:   January 21, 2011**               /s/ Lawrence J. O'Neill
                                              UNITED STATES DISTRICT JUDGE