IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR F 10-0320 LJO |
| Plaintiff, | **ORDER FOR FURTHER BRIEFING** |
| vs. | |
| WESTLEY GRANT STEVENS, | |
| Defendant. | |

The Court has received and reviewed the Defendant's MOTION TO DISMISS FOR DOUBLE JEOPARDY violation, and also has received and reviewed the Government's RESPONSE TO DEFENDANT'S MOTION TO DISMISS INDICTMENT.

It appears clear that Ninth Circuit's controlling precedent is that double jeopardy attaches when a guilty plea is accepted (*United States v Patterson*, 381 F.3d 859, 864 (9th Cir. 2004). It appears that a guilty plea is accepted when the court accepts a plea unconditionally, upon a knowing and voluntary waiver of rights. The case deals with a factual pattern where all of the legal activity occurs in the same jurisdiction, for the same alleged criminal conduct and under the same criminal statute.

Based on the respective positions of the parties in the instant case at Bar, that there appears to be no disagreement that a guilty plea was taken by a Judge of the Fresno County Superior Court on June 30, 2010, one day after the Defendant was indicted by the Federal Grand Jury for the same conduct, i.e. receipt and distribution of at least one visual depiction of child pornography. The statutory crime were

1

different, i.e. California Penal Code §311.11(a) versus 18 U.S.C. § 2252(a)(2). There is further no dispute that the Fresno County District Attorney dismissed the State Court case on February 9, 2011 in light of the Federal prosecution.

The Court requests that the parties address the following issue: Whether double jeopardy attaches when a change of plea is taken pursuant to a different statute from the statute upon which the defendant is indicted. *See Blockburger v. U.S.*, 284 U.S. 299, 52 S.Ct. 180 (1932) ("where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not."). *Accord U.S. v. Brooks*, 610 F.3d 1186, 1194 (9th Cir. 2010); *U.S. v. Davenport*, 519 F.3d 940, 943 (9th Cir. 2008).

The parties shall file their briefs no later than 12:00 p.m. (Noon) on Thursday, February 24, 2011.

IT IS SO ORDERED.

**Dated:   February 22, 2011**          /s/ Lawrence J. O'Neill
                                          UNITED STATES DISTRICT JUDGE